■ Crossroads Apartment Corporation et al., Respondents-Appellants, v City of Rochester, Appellant-Respondent — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In their first cause of action plaintiffs seek a declaratory judgment that rental subsidies are not to be included in the computation of rentals received for purposes of calculating their real property tax. In their second cause of action they seek recovery of excess taxes paid for the years 1975-1976, 1976-1977 and 1977-1978. Defendant city appeals from that part of the order granting summary judgment to plaintiffs on their first cause of action, and plaintiffs appeal from that part of the order which granted summary judgment dismissing the second cause of action. An agreement dated February 26, 1975 between plaintiff Crossroads Apartment Corporation (the holder of legal title), as general partner of and on behalf of plaintiff Crossroads Apartment Associates, a limited partnership, and defendant City of Rochester, provided that the subject premises would be exempt from increase in taxes, and in lieu thereof the corporation would pay 10% of the annual shelter rent from the project, but that in no event would the corporation pay less than the amount of taxes based on the assessed valuation of the premises at the time the property was acquired by the corporation. The agreement recited that the corporation was a limited profit housing company organized under article 2 of the Private Housing Finance Law and that the corporation had agreed to build a middle-income housing project on the property. The agreement further recited that the city had passed ordinances granting the exemption pursuant to section 33 of the New York State Private Housing Finance Law. Paragraph (a) of subdivision 1 of that section authorizes a municipality to exempt projects from increases in value but provides that the taxes to be paid shall not be less than 10% of the "annual shelter rent or carrying charges of such project". The statute also provides that "Shelter rent shall mean the total rents received from the occupants of a project less the cost of providing to the occupants electricity, gas, heat and other utilities." Plaintiffs paid taxes for the years in question based on 10% of the total rents received by plaintiffs less the cost of the utilities. In December, 1978 plaintiffs were advised by the Division of Housing and Community Renewal that the Attorney-General had issued an opinion construing section 33 (subd 1, par [a]). The Attorney-General opined that "shelter rents" meant only those rents actually paid by the tenants and did not include rental subsidies paid by the Federal Government. It would follow under that construction of the statute that plaintiffs have made large

overpayments of taxes. The Attorney-General's opinion prompted the Legislature to clarify section 33 (subd 1, par [a]) by adding the following sentence to the definition of shelter rents: "Total rents shall include rent supplements and subsidies received from the federal government, the state or a municipality on behalf of such occupants" (L 1980, ch 367, § 2). The parties agree that it is the contract which governs the amount of taxes to be paid. Their intent in that regard is best demonstrated by their performance under the agreement (4 Williston, Contracts [3d ed], § 623). Plaintiffs' payment of the taxes for the first three years of the contract demonstrates that the parties intended that all rentals received by plaintiffs, including subsidies, would be included in the computation of "total rents." That interpretation of the agreement is consistent with the expressed intent of the Legislature. Chapter 367 of the Laws of 1980, entitled "AN ACT to amend the private housing finance law, in relation to clarifying the definition of shelter rent" pointedly declared that intent (L 1980, ch 367, § 1). It is thus unnecessary in construing section 33 (subd 1, par [a]) to look further to ascertain legislative intent (*Matter of Honeoye Cent. School Dist. v Berle*, 72 AD2d 25, affd 51 NY2d 971). (Appeals from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Simons, Schnepp and Doerr, JJ.